UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| HELENA DUPONT WRIGHT, et al., | * | |
| Plaintiffs, | * | |
| | * | Civil Action No.: RDB-16-329 |
| v. | * | |
| ELTON CORPORATION, et al., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Helena DuPont Wright and James Mills (the "employer-plaintiffs") and co-plaintiffs Joseph Wright and T. Kimberly Williams (the "employee-plaintiffs") (collectively, "plaintiffs") have filed this action against Elton Corporation, Gregory Fields, and First Republic Trust Company of Delaware, LLC (collectively, "defendants"), the current and former trustees of the M.C. DuPont Clark Employee Pension Trust ("the Pension Trust"), seeking a judicial declaration that the Pension Trust is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Second Amended Complaint, ECF No. 35.)  Plaintiffs also seek injunctive relief pursuant to ERISA to remedy defendants' alleged non-compliance with that statute over the last forty-three years.

Now pending before this Court is defendants' Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(7), and 19 for Lack of Subject Matter Jurisdiction, Lack of Standing, Improper Venue, Lack of Personal Jurisdiction, and Failure to Join Indispensable Parties ("Defendants' Motion").  (ECF No.

37.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendants' Motion is GRANTED IN PART, specifically with respect to Improper Venue, and this case shall be TRANSFERRED to the United States District Court for the District of Delaware.

## FACTUAL BACKGROUND

The M.C. duPont Clark Employee Pension Trust ("the Pension Trust") was created by Mary Chichester DuPont Clark ("the Settlor"), a Delaware resident, in 1947 to provide retirement benefits for household employees of designated members of the duPont family. (ECF No. 35 at ¶ 1.) The Pension Trust was created under and, by its terms, governed by the laws of the State of Delaware. (Pension Trust, ECF No. 11-1; Affidavit of Katharine Gahagan, ECF No. 11-1 at ¶ 18.)[1] Beneficiaries under the Trust may include certain employees of the employer-plaintiffs as grandchildren of the Settlor. (*Id.* at ¶ 14.) Only Mary Chichester DuPont funded the Pension Trust, contributing fifty (50) shares of common stock of the Christiana Securities Company. (*Id.* at ¶ 4.) No other person was required to make contributions to the Pension Trust, and no other person or entity has ever made contributions to the Pension Trust. (Affidavit of Katharine Gahagan, ECF No. 11-1 at ¶ 19.) Plaintiffs allege that the Pension Trust's "assets are invested solely under the control and discretion of the defendants, and all of them." (ECF No. 35 at ¶ 74.)

---

[1] "[T]he court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). Additionally, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citation omitted).

Employer-plaintiff Helena duPont Wright is a designated family member, a Maryland resident, and an "employer" under the Pension Trust: qualified employees of Mrs. Wright may be entitled to receive benefits from the Pension Trust. (ECF No. 35 at ¶¶ 1, 34.) Similarly, plaintiff James Mills is a designated family member, a Virginia resident, and an "employer" under the Pension Trust. (*Id.* at ¶¶ 1, 35.) As with co-plaintiff Wright, qualified employees of Mr. Mills may be entitled to receive benefits from the Pension Trust. (*Id.*) Both Ms. Wright and Mr. Mills are both grandchildren of Mary Chichester DuPont, the settlor of the Pension Trust.[2] *See* ECF No. 11-1 at ¶ 15.

Employee-plaintiff Joseph Wright is a resident of Virginia and is currently employed by plaintiff James Mills as a personal assistant. (ECF No. 35 at ¶ 36.) Wright assists plaintiff James Mills in the management of Mills' private affairs, including secretarial, accounting, and other assistance. (*Id.*) Plaintiff T. Kimberly Williams is a resident of Maryland and is currently employed by plaintiff Helena duPont Wright as a personal accountant, assisting Ms. Wright with the management of her financial and other private affairs. (ECF No. 35 at ¶ 37.) Plaintiffs allege that employee-plaintiffs Wright and Williams are entitled to benefits under the Pension Trust, though they have never received notice of entitlement to such benefits. (*Id.* at ¶¶ 36-37.)

Defendant Elton Corporation ("Elton") has its principal place of business in the state of Delaware and was a trustee of the Pension Trust from October 1989 until August 7, 2015. (ECF No. 35 at ¶ 42; ECF No. 11-1 at ¶¶ 10, 12.) Elton had been the sole Trustee of the

---

[2] Defendants have provided the names of all ten grandchildren of Mrs. Mary Chichester duPont Clark: Helena duPont Wright (a plaintiff in this case), James Paul Mills, Jr. (a plaintiff in this case), Katharine duPont Gahagan, Elaine duPont Jones (deceased), Alexis Felix duPont, III (deceased), Michael Hoyt duPont, Mary Mills Abel-Smith, Phyllis Mills Wyeth, Richard Christopher duPont, Jr. (deceased), and Christopher T. duPont. (ECF No. 37 at 26, n. 8.)

3

Pension Trust since the death of A. Felix duPont, Jr. in December 1996. (ECF No. 11-1 at ¶ 11.) Defendant Gregory Fields was actively involved in administering Pension Trust investments, making decisions with regard to the eligibility of duPont family employees for benefit payments, determining the amount of benefit payments, paying benefits, and denying claims for benefits.[3] (ECF No. 35 at ¶ 47.) Elton resigned as Trustee on August 7, 2015 and appointed defendant First Republic Trust Company of Delaware, LLC ("First Republic") as successor trustee. (ECF No. 11-1 at ¶ 12.) First Republic is the current trustee of the Pension Trust. (ECF No. 35 at ¶ 45.)

While the Pension Trust was established in 1947, plaintiffs allege that the Pension Trust became subject to ERISA upon passage of that statute in 1974. (ECF No. 35 at ¶ 56.) Plaintiffs allege that the Pension Trust has never been operated in compliance with ERISA, notwithstanding the named plaintiff-employers' efforts to persuade the trustees to do so. (*Id.* at ¶¶ 56-57.) Through this action, plaintiffs seek, *inter alia*, (1) a declaratory judgment that the Pension Trust is an ERISA Pension Plan subject to federal law and (2) an injunction ordering defendants to bring the plan into compliance with ERISA. (Prayer for Relief, ECF No. 35 at 38-42.) Failure to bring the Pension Trust into compliance with ERISA, plaintiffs allege, has "created additional and increased funding obligations for employers, including [plaintiff-employers], and created exposure to penalties and fines once the Department of Labor learns of the existence of the [Pension Trust] and the failure to follow ERISA over so many years." (ECF No. 35 at ¶ 16.)

---

[3] While the Complaint does not expressly say so, Fields' involvement in the administration of the Pension Trust was based on his employment with Elton Corporation. *See* ECF No. 44 at 12. The Complaint thus contains no allegation that Mr. Fields was himself a trustee of the Pension Trust.

4

**PROCEDURAL BACKGROUND**

Plaintiffs filed their original Complaint on February 4, 2016. (ECF No. 1.) After defendants Elton and Fields moved to dismiss that Complaint (ECF No. 5), plaintiffs filed an Amended Complaint on March 18, 2016. (ECF No. 8.) Defendants Elton and Fields moved to dismiss the Amended Complaint on April 1, 2016. (ECF No. 11.) Co-defendants First Republic and the Pension Trust subsequently joined in Elton and Fields' Motion to Dismiss. (ECF No. 16.)

This Court conducted a motions hearing on October 25, 2016 to address defendants' motion to dismiss. (ECF No. 27.) At the hearing, the Court denied as moot defendants' original motion to dismiss (ECF No. 5), but determined that the second motion to dismiss (ECF Nos. 11, 16) would remain pending and that plaintiffs would be permitted to file a Second Amended Complaint to address certain defects discussed during the hearing. (ECF No. 28.)

Consistent with the Court's Order, plaintiffs filed a Second Amended Complaint on December 9, 2016. (ECF No. 35.) The Amended Complaint is the now-operative pleading in this case. On January 27, 2017, defendants filed the now-pending Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(7), and 19 for Lack of Subject Matter Jurisdiction, Lack of Standing, Improper Venue, Lack of Personal Jurisdiction, and Failure to Join Indispensable Parties.[4] (ECF No. 37.) The Motion became ripe for adjudication on March 8, 2017. *See* ECF No. 44.[5]

---

[4] As discussed during the teleconference conducted on December 22, 2016, the now-pending motion to dismiss incorporates by reference arguments briefed by defendants in their earlier motions. Accordingly, the

5

**STANDARD OF REVIEW**

I. **ERISA's Venue Provision, 29 U.S.C. § 1132(e)(2)**

Section 1132(e)(2) of ERISA provides that:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, or the breach took place, or where a defendant resides or may be found…

29 U.S.C. § 1132(e)(2). In light of Congress's stated intent to provide "ready access to the Federal Courts" for ERISA claims, 29 U.S.C § 1001(b), courts generally have interpreted § 1132(e)(2) liberally. *See Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 854 (D. Md. 2005) (citing *Waeltz v. Delta Pilots Retirement Plan*, 301 F.3d 804 (7th Cir.2002); *Varsic v. United States District Court, Central District of California*, 607 F.2d 245, 247 (9th Cir.1979)). Notwithstanding, "[t]he venue provisions of [ERISA] also do not displace the broad power of district courts to transfer cases for the convenience of parties and witnesses, in the interest of justice...." *Kaufmann v. Prudential Ins. Co. of Am.*, 667 F. Supp. 2d 205, 207–08 (D. Mass. 2009) (quoting Jorden, Pflepsen & Goldberg, *Handbook on ERISA Litigation* § 1.05[A][1] (Supp. 2006)). *See also Cross*, 383 F.Supp.2d at 856 (applying test under § 1404(a)).

II. **Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a)**

It is well established that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This Court has recognized that the movant bears the burden of showing that a transfer is in the interest of justice. *See*

---

prior motions (ECF Nos. 11 and 16) were withdrawn as moot with consent of counsel by Letter Order dated February 6, 2017. (ECF No. 41.)

[5] Pursuant to this Court's Letter Order dated February 8, 2017, the Scheduling Order in this case was suspended pending the resolution of the Motion to Dismiss. (ECF No. 42.)

6

*Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004). This Court has also recognized its great discretion in determining whether to transfer a case under Section 1404(a). *Choice Hotels Int'l, Inc. v. Hotel Corp. of Am.*, MJG-95-2669, 1996 WL 1064735, at *3 (D. Md. Mar. 25, 1996) (citing *Quinn v. Bowmar Publishing Co.,* 445 F.Supp. 780, 787 (D. Md. 1978)). The decision to transfer an action under Section 1404(a) is made according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). *See also Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 465 (D. Md. 2000). "In determining whether to grant a motion to transfer, courts are to consider: 1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties, and 4) the interest of justice." *Cross*, 383 F. Supp. 2d at 856.

## ANALYSIS

### I. Venue in Maryland is Permissible under ERISA

As noted above, Section 1132(e)(2) of ERISA provides that an action under the statute may be brought in the district "where the plan is administered, where the breach took place, or where a defendant resides or may be found…" 29 U.S.C. § 1132(e)(2). These loci are addressed in turn.

**A. Where the Plan is Administered**

The terms of the Pension Trust itself, as reiterated in the affidavit of Katharine Gahagan, indicate that the Pension Trust is governed by the laws of the State of Delaware, and "managed and operated solely in the State of Delaware." (ECF No. 11-1 at 3, 12.) Consistent with these affirmations, plaintiff alleges that the pension trust, its past and current

trustees, and an agent of the trust are all Delaware residents. (ECF No. 35 at ¶¶ 42-47.) In light of these allegations and factual submissions, it is readily apparent that the place where the Pension Trust is administered is Delaware. The first prong of § 1132(e)(2), therefore, does not support the laying of venue in this District.

### B. Where the Breach Took Place

In *Cross*, this Court explained that:

> "Most courts take the view that ERISA benefit plans are contracts, and contract law governs when deciding where a breach of an ERISA plan occurred. Under contract analysis 'the place where a cause of action for breach of contract arises is generally...the place where the contract is to be performed.' Applying this analysis, most courts have found that in ERISA benefit claims the alleged breach occurred in the district where the beneficiary receives, or should have received, his benefits."

*Cross*, 383 F. Supp. 2d at 856 (internal citations omitted). This principle is not without limit, however. As this Court further explained, "when the plaintiff alleges only a breach of fiduciary duty, rather than makes a claim for benefits due, the breach is considered to have occurred where defendants acted or failed to act as their duties required." *Id.*

Plaintiffs in this case do not make a claim for benefits due. Rather, plaintiffs seek a judicial order directing defendants to bring the Pension Trust into compliance with ERISA. (ECF No. 35 at ¶¶ 94-131.) Such relief is warranted, plaintiffs allege, on account of defendants' failure "to comply with the funding, vesting, notice and other requirements of ERISA…" (*Id.* at ¶ 75.) Thus, defendants' alleged wrongful acts are based on a breach of fiduciary duty—not an alleged a failure to pay benefits due. *See id.* at ¶ 85 ("A reasonable or prudent fiduciary in the position of the Defendants would have responded…in a manner consistent with the fiduciary duties and obligations imposed by ERISA. Defendants took no

8

such action."). Accordingly, the place where the breach occurred was "where defendants acted or failed to act as their duties required," *Cross*, 383 F. Supp. 2d at 856—that is, in the State of Delaware. The second prong of § 1132(e)(2), therefore, does not support the laying of venue in this District.

### C. Where Defendants "may be found"

This Court in *Cross* followed the analysis of the United States Court of Appeals for the Ninth Circuit in *Varsic*, in which that court held that a defendant "may be found" in any district that can assert personal jurisdiction over the defendant under the "minimum contacts" test set forth in *International Shoe v. Washington*, 326 U.S. 310, and its progeny. *Cross*, 383 F. Supp. 2d at 854 (citing *Varsic*, 607 F.2d 245, 248). Taking into consideration the Seventh Circuit's decision in *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 807–08 (7th Cir. 2002) and the district court's decision in *Seitz v. Bd. of Trustees of the Pension Plan of the N.Y. State Teamsters Conference Pension & Ret. Fund*, 953 F. Supp. 100, 102 (S.D.N.Y. 1997), however, the *Cross* court found that:

> Although a defendant plan can be 'found' in a district in which a plaintiff's place of employment is located and in which he earns pension credits, venue is not appropriate merely because [the plaintiff] spent some limited time making presentations and earning pension credits in Maryland. Such limited contacts, without more, do not show purposeful availment on the part of the [defendant] in the forum."

*Cross*, 383 F. Supp. 2d at 855. The lesson of *Cross*, therefore, is that merely fleeting or highly limited contacts with a forum may not constitute purposeful availment such that a defendant "may be found" there.

The facts of the instant case are distinguishable from *Cross*, which dealt with a travelling employee who merely "spent some limited time making presentations and earing

9

pension credits in Maryland." *Cross*, 383 F. Supp. 2d at 855. The instant case, by contrast, involves the employment in Maryland of at least one plaintiff-employee (Ms. Williams) by her plaintiff-employer (Ms. Wright). (ECF No. 35 at ¶ 37.) While the duration of Ms. Williams' employment by Ms. Wright is not specified in the Second Amended Complaint, her alleged entitlement to benefits under the Pension Trust suggests that the employment relationship lasted for at least ten years. *See* ECF No. 11-1 at 6. Thus, to the extent that Ms. Wright is a qualified employer and Ms. Williams a qualified employee under the Pension Trust, the Pension Trust "may be found" in Maryland for purposes of ERISA's venue provision. On this basis, the District of Maryland is a *permissible* venue for this litigation. The fact that venue in this District is permissible, however, does not mean that venue must lay here.

## II.     Transfer to the United States District Court for the District of Delaware is Appropriate

While the Court is bound to conclude that the Pension Trust had sufficient minimum contacts with this District based on Ms. Wright's employment of Ms. Williams in Maryland over a number of years, several considerations persuade this Court that it is appropriate to transfer this matter to the District of Delaware.

First, although it is well-established that "a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate," *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (internal citation omitted), the facts of this case suggest that plaintiff's choice of a Maryland venue should be accorded somewhat less weight. That is, the same logic which compels this Court

to find that venue would be permissible in Maryland would also lead to the conclusion that venue is permissible in Virginia.[6] While it is not uncommon for multiple permissible venues to be available, plaintiffs' expressed preference for a Maryland over a Virginia forum appears somewhat arbitrary. For these reasons, therefore, plaintiffs' choice of a Maryland forum is accorded somewhat less weight in determining whether transfer is appropriate.

Second, witness convenience and access, as well as the convenience of the parties, strongly support transfer of this case to the District of Delaware. *Cross*, 383 F. Supp. 2d at 856. *See also Lynch v. Vanderhoef Builders,* 237 F.Supp.2d 615, 617 (D. Md. 2002). As this case centers on defendants' alleged breach of their fiduciary duties, the persons who are most likely to be called as witnesses are defendants and their agents, all of whom are all located in Wilmington, Delaware. (ECF No. 35 at 1.) Plaintiffs, by contrast, are located in Caroline County and Cecil County, Maryland (adjacent to New Castle County, Delaware) and Fauquier County, Virginia. (*Id.*) Specifically, Ms. Wright resides in Chesapeake City, Maryland, just miles from the north-south segment of the Mason-Dixon Line and closer to the federal courthouse in Wilmington than that in Baltimore. (*Id.*) Given that the principal witnesses in this case are located in Delaware and the proximity of the Maryland-based plaintiffs to Delaware, transfer to the neighboring District of Delaware would not impose any great inconvenience on plaintiffs, their witnesses, or their attorneys.

Even more importantly, the interest of justice strongly favors transfer of venue to the District of Delaware. Looking to ERISA's venue provision for guidance, it is notable that Delaware is at the same time the district where "the plan is administered," where "the

---

[6] To the extent that Mr. Mills is a qualified employer and Mr. Wright a qualified employee under the Pension Trust, the Pension Trust "may be found" in Virginia for purposes of ERISA's venue provision.

11

[alleged] breach took place," and "where [defendants] reside[] or may be found." 29 U.S.C. § 1132(e)(2). While a state need not 'check all three boxes' in order to be a permissible venue under ERISA, it is more than serendipitous that all three of the statute's permissible nexuses are satisfied by a single forum—Delaware.

In addition, the fundamental question presented in this case—whether the Pension Trust became subject to ERISA upon that law's passage in 1974—involves the interpretation of Delaware trust law—and the application of federal law thereto. Transferring this case to the Delaware federal court ensures that these tasks are undertaken by the most able interpreters of these bodies of law. Even more importantly, disposition of this case in Delaware—where only Third Circuit precedent on ERISA would apply—may help to preclude time- and resource-consuming disputes about conflict of laws issues. That is, were this case to proceed in the District of Maryland, the threshold question of whether Maryland (and Fourth Circuit) or Delaware (and Third Circuit) ERISA precedent would introduce substantial, avoidable complexity to this case. Moreover, as plaintiffs have premised federal jurisdiction—at least in part—on diversity of citizenship, it should come as little surprise in light of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny that Delaware and Third Circuit law should govern this case.[7] Finally, it cannot be said that subjecting plaintiffs to Delaware and Third Circuit law is unfair, as the instrument at issue in this case was created under and, by its terms, governed by the laws of the State of Delaware. (ECF No. 11-1.)

---

[7] The Court notes that federal jurisdiction is also premised on the existence of a federal question—whether the Pension Trust is subject to ERISA. Accordingly, the case presumably will remain in federal court even if non-diverse parties subsequently are joined in this action.

In sum, Delaware is the clear center of gravity for nearly every aspect of this case: the Pension Trust was established by citizens of Delaware, in Delaware, and under Delaware law. (ECF No. 11-1.) The Pension Trust always has been and continues to be administered by entities located in Delaware.[8] (ECF No. 35 at ¶¶ 42-47.) The settlor of the trust, Mrs. Mary Chichester duPont Clark, was a Delaware resident. It is understandable, then, that the only assets ever deposited in the trust have a notably 'Delaware' character: the fifty (50) shares of common stock of Christiana Securities Company with which the settlor funded the trust eventually came to include over $6 million of corporate stock of DuPont—the multinational corporation headquartered in Delaware. (ECF No. 35 at ¶ 82.) Finally, while neither party has provided the Court with a complete list of the residencies of the qualified employers and potentially-eligible employees under the Pension Trust, it appears likely that at least some of these persons reside in Delaware. These considerations also militate in favor of transfer to the District of Delaware.

## CONCLUSION

For the reasons stated above, Defendants' Motion (ECF No. 37) is GRANTED IN PART, specifically with respect to Improper Venue, and this case shall be TRANSFERRED to the United States District Court for the District of Delaware.

A separate Order follows.

Dated: March 17, 2017                                   _____/s/_____
                                                        Richard D. Bennett
                                                        United States District Judge

---

[8] Even if plaintiffs should prevail on the merits, there is little reason to think that the putative ERISA trust would be administered anywhere other than Delaware.